## ·Lucas *v.* Malone.

*(Nashville.* February 9, 1901.)

1. CHANCERY PLEADING AND PRACTICE. *Excluded evidence must be preserved by bill of exceptions.*

    Evidence excluded by the Chancellor ceases to be part of the record unless it is restored and made such by bill of exceptions.

2. LIMITATIONS, STATUTE OF. *Bars resulting trust.*

    Ten years bars suit to set up a resulting trust.

    Cases cited: Henderson *v.* Tipton, 88 Tenn., 256; Love *v.* Welch, 88 Tenn., 259.

3. DESCENT AND DISTRIBUTION. *Half blood.*

    D. died intestate, leaving to his two children a tract of land. Subsequently both of the children died intestate—one without issue and the other leaving one child. D. had married a widow, who had two children before her marriage to him. These children of the wife claimed to inherit title to an interest in said land with D.'s grandchild. *Held:* D.'s grandchild takes exclusive title.

    Code construed: § 4163, Sub. § 3 (S.); §§ 3268–3270 (M. & V.); § 2420 (T. & S.)

    Case cited: Deadrick *v.* Armour, 10 Hum., 588.

---

FROM SMITH.

---

Appeal from Chancery Court of Smith County. T. J. FISHER, Ch.

J. J. FORD for Lucas.

FITE & AUST for Malone.

WILKES, J. The bill in this case was filed in a double aspect, first to set up a ·resulting trust in certain lands, and, second, to assert an interest in the same lands by inheritance from Jas. H. Davis.

The Chancellor refused any relief, and dismissed the bill, and his decree was affirmed by the Court of Chancery Appeals, and the cause is before us on appeal by the complainants. As to the resulting trust feature of the case the Court of Chancery Appeals reports that considerable testimony was introduced, but that it was all hearsay and incompetent. It was objected to as incompetent, and excluded by the Chancellor, but was not preserved by bill of exceptions, and it is not before us, so that as to this the complainants fail to establish their contention.

In addition it appears that Jas. H. Davis died more than ten years before the present bill was filed, and their right to set up a resulting trust is barred by the statute of limitations. *Henderson v. Tipton,* 4 Pick., 256; *Love* v. *Welch,* 4· Pick., 259.

As to a claim of an interest in the land by inheritance, it appears that many years ago James H. Davis intermarried with Jane Lucas, who was then a widow, having two children by her first marriage—L. R. Lucas, one of the complainants in this cause, and John Lucas, who has since died, leaving the complainant, J. G. Lucas, his only heir.

Lucas v. Malone.

James H. Davis and Jane Lucas had two children by their marriage, to wit: Mexico Davis, who has since died leaving no issue, and Nettie, who has also died, leaving the defendant, Mamie Malone, as her only child and heir at law.

James H. Davis died in 1888. The land in controversy belonged to him at the time of his death, and was assigned to his widow as dower, the remainder of his lands having been sold to pay his debts. The widow died some two years before the bill in this cause was filed. Mexico Davis also died after her father, leaving Mamie Malone as her only heir.

The contention made is that complainants, who are the children and grandchildren of Jane Lucas by her first marriage, inherit this land equally with Mamie Malone, a grandchild under the second marriage.

The land was the property of the father, James H. Davis, and the complainants have failed to set up any resulting trust in it arising out of the investment in it of their mother's funds.

In such case the statute applicable is that embodied in Shannon's compilation as § 4163, Subsec. 3, as follows: "When the land came to the intestate by gift, devise, or descent from a parent, and he dies without issue, if he have brothers and sisters of the paternal line of the half blood, and brothers and sisters of the maternal line also of the half blood, then the land shall be inherited

Lucas *v.* Malone.

by such brothers and sisters on the part of the parent from whom the estate came in the same manner as by brothers and sisters of the whole blood, until the line of such parent is exhausted of the half blood to the exclusion of the other line." See, also, *Deadrick* v. *Armour,* 10 Hum., 588.

The result is that complainants, under the law, inherited no interest in the land, and have failed to prove any resulting trust in their favor. They are entitled to no relief, and the decree of the Court of Chancery Appeals is affirmed.